# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 19-CR-10081-IT-5 |
| vs. | : | JUDGE TALWANI |
| STEVEN MASERA, | : | MAGISTRATE JUDGE KELLEY |
| Defendant. | : | |

## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Steven Masera, through undersigned counsel, respectfully moves this Court for early termination of his supervised release. The reasons in support of this Motion are set forth in the following Memorandum.

        Respectfully submitted,
        **Taft Stettinius & Hollister LLP**

        **/s/ David H. Thomas**
        DAVID H. THOMAS
        Ohio Supreme Court No. 0071492
        P: (614) 334-6199
        dthomas@taftlaw.com

        **/s/ Kathryn S. Wallrabenstein**
        KATHRYN S. WALLRABENSTEIN
        Ohio Supreme Court No. 0092172
        41 South High Street, Suite 1800
        Columbus, Ohio 43215
        P: (614) 220-0238
        F: (614) 221-2007
        kwallrabenstein@taftlaw.com

        Counsel for Defendant

**Law Office of Paula M. Bagger, LLC**

**/s/ Paula M. Bagger**
PAULA M. BAGGER
Massachusetts Bar No. 547703
One Marina Park Drive, Suite 1410
Boston, MA 02210
(617) 807-7111
pmb@baggerlaw.com

Local Counsel for Defendant

## MEMORANDUM

### I. BACKGROUND

Defendant Steven Masera pled guilty to one count of racketeering conspiracy on June 27, 2019. On May 13, 2022, this Court sentenced Mr. Masera to time served to be followed by three years of supervised release. In addition, this Court imposed a $100 special assessment and $20,000 fine. (Doc. 1326, Judgment in a Criminal Case).

Mr. Masera was also on pretrial supervision for approximately thirty-eight months prior to imposition of his sentence. He remained in full compliance with all conditions for the duration of his pretrial release. Mr. Masera's term of supervised release began on May 13, 2022 and he has remained compliant with all of the standard conditions, as well as the specific conditions, of his supervised release for more than one year. Ms. Masera has also fulfilled all of the financial sanctions imposed. Mr. Masera, through undersigned counsel, is now before this Court requesting early termination of his supervised release.

### II. LAW AND ARGUMENT

Pursuant to 18 U.S.C. § 3583(e)(1), this Court may terminate a term of supervised release and discharge a defendant released from imprisonment after one year of supervised release has expired. 18 U.S.C. § 3583(e)(1) requires consideration of the factors set forth in 18 U.S.C.

2

§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) prior to any termination of supervised release.  After considering these factors, a Court may terminate supervised release after one year if the Court is, "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  The commentary to the United States Sentencing Guideline provision pertaining to terms of supervised release also notes that early termination is permissible and states:

> The court has authority to terminate or extend a term of supervised release.  *See* 18 U.S.C. § 3583(e)(1), (2).  The court is encouraged to exercise this authority in appropriate cases.  The prospect of exercising this authority is a factor the court may wish to consider in determining the length of a term of supervised release.  For example, the court may wish to consider early termination of supervised release if the defendant is an abuser of narcotics, other controlled substances, or alcohol who, while on supervised release, successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant.

U.S. SENTENCING GUIDELINES MANUAL § 5D1.2 cmt. 5 (2021).

A review of the relevant factors set forth in 18 U.S.C. § 3553 supports a finding that early termination of Mr. Masera's supervised release is warranted by the conduct of Mr. Masera and in the interest of justice.  The relevant factors to be considered pursuant to 18 U.S.C. § 3583(e)(1) are:

    (a) . . .
        (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
        (2) the need for the sentence imposed—
            . . .
            (B) to afford adequate deterrence to criminal conduct;
            (C) to protect the public from further crimes of the defendant; and
            (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
        . . .
        (4) the kinds of sentence and the sentencing range established for—
            (A) the applicable category of offense committed by the applicable category of defendant as set forth in the

        guidelines—
- (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
- (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement—
- (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
- (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553.

The nature and circumstance of the offense and the history and characteristics of Mr. Masera support early termination of supervised release. 18 U.S.C. § 3553(a)(1). During and after college, and throughout much of his life, Mr. Masera has worked multiple jobs simultaneously. Mr. Masera has been employed by Cummings Properties since October 1, 2015. Claudia Cummings, the owner of the company, described Mr. Masera to U.S. Probation as the best employee the company has had. Mr. Masera and his wife, Michelle, have been married over forty

years and she remains supportive of her husband. Mr. Masera is proud of his two children, one step-child, and four grandchildren, all of whom reside in California near Mr. Masera. Mr. Masera has remained compliant with the terms of his supervised release, which further supports the conclusion that he is unlikely to recidivate.

Mr. Masera continues to regret his actions that brought him before this Court. In short, Mr. Masera assisted Mr. Singer with his college entrance exam cheating scheme and college recruitment scheme by facilitating the laundering of approximately $21 million during the timeframe Mr. Masera was in his employ. Aside from the nature of the financial transactions involved, Mr. Masera did not engage in any other financial wrongdoing despite having access to the significant amounts of money flowing through Mr. Singer's entities. Further, Mr. Masera did not profit from his conduct aside from his hourly wages, either through bonuses or bribes from Mr. Singer, or through other financial wrongdoing such as embezzlement or extortion.

Continued supervision is not necessary to afford adequate deterrence to criminal conduct or to protect the public from further crimes of Mr. Masera. Mr. Masera has no prior arrests, juvenile adjudications, or adult criminal convictions outside of this case. In light of the very public nature of his case, and the lack of any accusations of improper conduct since his arrest more than four years ago, undersigned counsel respectfully submit the goal of deterrence has been accomplished. 18 U.S.C. § 3553(a)(2)(B), (C).

Mr. Masera does not need to be on supervised release to continue with his medical care. Mr. Masera suffers from a variety of physical ailments, including chronic neck disc deterioration and nerve damage. Mr. Masera's medical conditions are being managed by his physicians. As such, supervised release is not required to ensure Mr. Masera continues to receive needed medical care or correctional treatment. 18 U.S.C. § 3553(a)(2)(D).

This Court is permitted to terminate Mr. Masera's release after one year. 18 U.S.C. § 3583(e)(1). 18 U.S.C. §§ 3583(b)(2) sets forth a term of supervised release of not more than three years. 18 U.S.C. 3553(a)(4). U.S.S.G. § 5D1.2(a)(2) authorizes a term of supervised release of one to three years. 18 U.S.C. 3553(a)(4). This Court imposed the maximum term of supervised release: three years. However, as explained above, pursuant to 18 U.S.C. § 3583(e)(1) and Comment Five of U.S.S.G. § 5D1.2, this Court may terminate Mr. Masera's supervised release as he has completed more than one year of supervised release. Early termination would also not create an unwarranted sentence disparity between Mr. Masera and defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

Finally, there was no restitution ordered in this case. 18 U.S.C. § 3553(a)(7). A fine of $20,000 was imposed and has been paid in full. As such, supervised release is not required to meet this goal of sentencing.

In addition to these considerations, Mr. Masera submits that his conduct and the interest of justice support early termination of his supervised release. Mr. Masera's adjustment while on pretrial supervision and on supervised release has been nothing short of impeccable. The nationwide publicity of this case over a period of years has certainly taken a toll on Mr. Masera and his family. However, Mr. Masera has done everything in his power to use this experience as an opportunity to show his children, grandchildren, and others the importance of accepting responsibility for one's actions. Mr. Masera continues to exhibit a good adjustment and his support network continues to be strong.

For these reasons, Mr. Masera submits that his conduct and the interest of justice warrant early termination of his supervised release. Undersigned counsel, on Mr. Masera's behalf, respectfully request this Court terminate the period of Mr. Masera's supervised release.

Respectfully submitted,
**Taft Stettinius & Hollister LLP**

**/s/ David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
P: (614) 334-6199
dthomas@taftlaw.com

**/s/ Kathryn S. Wallrabenstein**
KATHRYN S. WALLRABENSTEIN
Ohio Supreme Court No. 0092172
41 South High Street, Suite 1800
Columbus, Ohio 43215
P: (614) 220-0238
F: (614) 221-2007
kwallrabenstein@taftlaw.com

Counsel for Defendant

**Law Office of Paula M. Bagger, LLC**

**/s/ Paula M. Bagger**
PAULA M. BAGGER
Massachusetts Bar No. 547703
One Marina Park Drive, Suite 1410
Boston, MA 02210
(617) 807-7111
pmb@baggerlaw.com

Local Counsel for Defendant

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), undersigned counsel certifies that counsel for Mr. Masera has conferred with counsel for the Government and the Government takes no position on Mr. Masera's request.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed with the Clerk of Court for the United States District Court for the District of Massachusetts using the CM/ECF system, which will send notification of such filing to all counsel of record on May 22, 2023, by electronic mail.

/s/ **David H. Thomas**
DAVID H. THOMAS